UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 19 CR 526 |
| vs. ) | |
| ) | Honorable Thomas M. Durkin |
| CHRISTOPHER MIKE GARBOWSKI ) | |

<u>PROTECTIVE ORDER</u>

Upon consideration of the government's unopposed motion pursuant to Federal Rule of Criminal Procedure 16(d) for entry of a protective order governing discovery in this case, the Court enters the following Protective Order:

1. All materials provided to the defendant by the United States and all materials produced to defendant by third parties, in preparation for, or in connection with the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant, defendant's counsel and the government shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively referred to as "authorized persons"). Potential witnesses and their counsel may be shown copies of the

materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defendant or defendant's counsel must provide the authorized person with a copy of this Protective Order.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be

disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Protective Order do not apply to documents that are, or become, part of the public court record, including documents that have been received in evidence at trial or in any other court proceeding.

9. The restrictions set forth in this Protective Order also do not limit the government's or the defendant's use of discovery materials in judicial proceedings in this case. However, notwithstanding the terms of this Protective Order, the use of the materials may be limited by other law, including, but not limited to, the provisions of Federal Rule of Criminal Procedure 49.1 and 18 U.S.C. § 3771.

10. Nothing contained in this Protective Order shall preclude a party from applying to this Court for relief from the provisions of this Protective Order.

ENTER: 8/1/2019

*Thomas M Durkin*
_____
THOMAS M. DURKIN
United States District Court Judge